**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARVIN MAURICIO SEGOVIA, | No. 13-70031 |
| Petitioner, | Agency No. A095-002-413 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2013**

Before:     GOODWIN, WALLACE, and GRABER, Circuit Judges.

Marvin Mauricio Segovia, a native and citizen of El Salvador, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") removal order. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review de novo questions of law, *Latter-Singh*

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Holder*, 668 F.3d 1156, 1159 (9th Cir. 2012), and we deny in part and dismiss in part the petition for review.

The BIA correctly determined that Segovia is statutorily ineligible for cancellation of removal because his conviction under California Penal Code § 487(d)(1) is for a crime involving moral turpitude. *See* 8 U.S.C. §§ 1182(a)(2)(A)(i)(I), 1229b(b)(1)(C); *United States v. Esparza-Ponce*, 193 F.3d 1133, 1136-37 (9th Cir. 1999) (holding that California theft constitutes a crime of moral turpitude).

We lack jurisdiction to consider Segovia's unexhausted contentions regarding the alleged ineffective assistance of counsel, the IJ's alleged failure to grant a continuance, and his eligibility for asylum. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) ("We lack jurisdiction to review legal claims not presented in an alien's administrative proceedings before the BIA.")

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**